UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>DARREN LAMONT McCOY,<br><br>Defendant. | Case No. 2:11-cr-00438-MMD-CWH<br><br>ORDER |

**I.     INTRODUCTION**

Before the Court is defendant Darren Lamont McCoy's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody ("Motion"). (Dkt. no. 119.) The Court ordered the government to respond and permitted McCoy to file a reply. The Court has considered the government's response (dkt. no. 123) and McCoy's reply (dkt. no. 125), even though McCoy's reply was untimely.[1] The Court finds that an evidentiary hearing is appropriate on one of the two grounds raised in McCoy's Motion.

**II.    RELEVANT BACKGROUND**

On December 14, 2011, the Grand Jury indicted McCoy on one count of felon in possession of a firearm. On July 3, 2012, the Grand Jury returned a Superseding Criminal Indictment charging McCoy with six counts, including one count of felon in

---

[1] The Court established a reply deadline of March 14, 2014, which gave McCoy more than thirty (30) days to file his reply. (Dkt. no. 124.) McCoy filed his reply on March 17, 2014. (Dkt. no. 125.)

possession of a firearm, two counts of interference with commerce by robbery and two counts of possession of a firearm during, in relation to, and in furtherance of a crime of violence. (Dkt. no. 45.) The Superseding Criminal Indictment alleges that McCoy was involved in two robberies – of a Pizza Hut and a Subway – on November 17, 2011.

On July 6, 2012, at a hearing on pending motions, McCoy's counsel represented that the parties were in the process of negotiating a plea and counsel would refile the motion to suppress within one week if plea negotiations were unsuccessful. (Dkt. no. 53.) The plea negotiation was unsuccessful and on July 20, 2012, the Magistrate Judge heard argument on McCoy's motion to suppress (dkt. no. 57). The Magistrate Judge subsequently issued a Report and Recommendation recommending that McCoy's motion to suppress be denied. (Dkt. no. 61.)

On September 24, 2012, shortly before the scheduled trial, the parties entered into a binding plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (C) ("Plea Agreement"). (Dkt. no. 83.) McCoy changed his plea to Counts 5 and 6 of the Superseding Indictment and the Court accepted his guilty plea on September 24, 2012.[2] (Dkt. nos. 83, 84.) After two hearings, the Court accepted the terms of the binding Plea Agreement and sentenced McCoy to a total sentence of three hundred (300) months on Counts 5 and 6.

### III. DISCUSSION

McCoy raises two grounds in support of his Motion. First, McCoy contends that his attorney was ineffective in assisting him in connection with a prior plea offer of fifteen (15) years. Second, McCoy argues that the U.S. Probation Office failed to provide the Court with an independent recommendation as to the sentence to be imposed. The second ground is in effect a claim of procedural defect in sentencing.

///

---

[2] Count 5 charges McCoy with interference with commerce by robbery in violation of 18 U.S.C. § 1951. (Dkt. no. 45.) Count 6 charges him with possession of a firearm during, in relation to, and in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). (*Id.*)

When considering a motion under 28 U.S.C. § 2255, the court must grant a prompt hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Ninth Circuit has found that a § 2255 evidentiary hearing is generally required where "the motion states a claim based on matters outside the record or events outside the courtroom." *United States v. Burrows*, 872 F.2d 915, 918 (9th Cir. 1989) (citations omitted). The judge who decides the § 2255 motion may supplement her own recollections of the proceedings if she was the same judge who presided over the challenged proceedings. *See Blackledge v. Allison*, 431 U.S. 63, 74 n. 4 (1977).

Based on the Court's review of the pertinent records and the Court's recollections of the proceedings, the Court finds that the records conclusively show that McCoy is entitled to no relief on the second ground raised in the Motion, as discussed further below. However, the Court finds that an evidentiary hearing is appropriate on the claim of ineffective assistance of counsel.

### A. Claim of Ineffective Assistance of Counsel

#### 1. Pertinent Facts

On December 20, 2012, shortly before the first scheduled sentencing hearing, McCoy sent a letter to the Court where he indicated that he had rejected a previous plea offer of fifteen (15) years because his attorney informed him that the offer was a "joint deal" with the state and he would have to agree to a pair of ten (10) to life sentences consecutive to his federal sentence.[3] (Dkt. 86.) At the sentencing hearing on January 7, 2013, the Court held an *ex parte* hearing to inquire of McCoy and his counsel as to the circumstances relating to the prior plea offer of fifteen (15) years and McCoy's rejection of that offer.[4] (Dkt. nos. 93, 110, 111.) Apparently, before the evidentiary hearing on McCoy's motion to suppress, the government presented a plea offer of fifteen (15) years

---

[3] In this letter, McCoy represented that the offer was initially for twenty (20) years, but his attorney negotiated the term of imprisonment to fifteen (15) years. (Dkt. no. 86.)

[4] In light of McCoy's claim of ineffective assistance of counsel, the Court finds good cause to unseal the transcript of the ex parte hearing (dkt. no. 111.)

which was made available up until the time of the hearing. (Dkt. no. 110 at 24.) The evidentiary hearing was continued to permit McCoy time to consider the government's offer. Because McCoy faced state charges, McCoy's counsel, at McCoy's request and with the assistance of the government's counsel, obtained an offer from the state prosecutor for McCoy to enter into a plea regarding the state offenses for a pair of ten (10) to life sentences consecutive to the sentence in this case.[5] McCoy's counsel represented that McCoy did not want to accept a federal plea until there was a plea in the state offenses that was acceptable to him. (*Id.* at 9.) McCoy recalled both offers being presented at the same time and his counsel did not have a clear recollection of when the offer in the state court cases was presented. (*Id.* at 12.) McCoy represented that, because of the way the offers were presented and the use of the phrase "global settlement," he thought that the offer in this case was contingent on his acceptance of the offer in the state cases. (Dkt. no. 4 at 5-6.) That is, he thought that he could only accept the offer of fifteen (15) years in this case if he also accepted the offer of a pair of ten (10) to life sentences in the state cases. McCoy acknowledged that his attorney did not specifically tell him he had to accept both offers, and that he and his attorney did not discuss whether or not he could accept one offer and not the other. (Dkt. no. 111 at 11, 14.) McCoy's counsel represented that she did not inform McCoy that the offer in this case was contingent on his acceptance of the offer in the state court cases and that he had to accept both offers. (*Id.* at 8.) She also did not remember ever telling McCoy that he had to accept both offers or that he could not accept one or the other offer. (*Id.* at 8-9.) However, counsel also represented that she did not remember specifically telling McCoy that he had the right to accept one offer and not the other offer. (*Id.* at 13.) At the conclusion of the *ex parte* hearing with McCoy and his counsel, the Court found that McCoy perhaps misunderstood his attorney and that counsel communicated the offer of

---

[5]McCoy clearly understood that he had separate counsel representing him in state court. McCoy informed the Court that his state counsel was assigned to him, but that he had not had any communications his state court counsel for over a year. (Dkt. no. 111.) McCoy faced charges in four state court cases. (Dkt. no. 110 at 10-11.)

fifteen (15) years in this case and McCoy rejected the offer. (*Id.* at 14.) The Court also concluded that there was no ineffective assistance of counsel. (*Id.*)

### 2. Discussion

"[T]he right to counsel is the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970). The Supreme Court recently reaffirmed that a defendant's Sixth Amendment right to counsel extends to the plea-bargaining process. *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012). ("During plea negotiations defendants are 'entitled to the effective assistance of competent counsel.'" (*quoting McMann*, 897 U.S. at 771)) "[D]efense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 132 S.Ct. 1399, 1408 (2012). The Ninth Circuit has stated that a defendant is also "entitled to the effective assistance of counsel in his decision whether and when to plead guilty." *United States v. Leonti*, 326 F.3d 1111, 1117 (9th Cir. 2003). "If it is ineffective assistance to fail to inform a client of a plea bargain, it is equally ineffective to fail to advise a client to enter a plea bargain when it is clearly in the client's best interest." *Id.* (citation omitted). "To prove ineffective assistance during the plea phase of a prosecution, a defendant 'must demonstrate gross error on the part of counsel.'" *Turner v. Calderon*, 281 F.3d 851, 880 (9th Cir. 2002) (*quoting McMann*, 397 U.S. at 771).

The two-part test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984) applies to challenges based on ineffective assistance of counsel. *See Lafler*, 132 S.Ct. at 1384. First, a defendant must show "that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, a defendant must show that "any deficiencies in counsel's performance was prejudicial" by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 691-92, 694.

The Court finds that additional evidence may inform the Court's decision on whether McCoy's counsel's committed gross error during the plea negotiation relating to

the government's offer of fifteen (15) years. While the Court found at the conclusion of the *ex parte* hearing that counsel was not ineffective, upon review of the transcript of the *ex parte* hearing and the sentencing hearings, the records lack additional pertinent facts that may assist the Court's analysis. For example, it is not clear from the records whether the offer by the government in this case was presented at the same time as the offer in the state court cases. McCoy's counsel initially described the two offers as being presented at different times, but later, after McCoy represented that he heard both offers at the same time, McCoy's counsel stated that she could not recall when the state offer was presented. It is also not clear from the records whether McCoy's counsel discussed the pros and cons of the government's offer of fifteen (15) years and the reason for McCoy's rejection of that offer. Further evidence may help clarify whether McCoy's misunderstanding that he had to accept both the offer of fifteen (15) years in this case and the offer in the state court cases was caused by counsel's gross error or her failure to act within an objective standard of reasonableness. Accordingly, an evidentiary hearing, limited to the circumstances relating to the presentation of the government's plea offer of fifteen (15) years and McCoy's rejection of that offer, is appropriate.

    **B.    Claim of Procedural Defect**

        **1.    Pertinent Facts**

The Plea Agreement in this case was a binding plea agreement. Indeed, in the Plea Agreement, Defendant acknowledged that the recommended sentence "will be binding on the Court pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (C). The parties recommended a total sentence of three hundred (300) months. (*Id.*)

The United States Probation Office circulated a December 3, 2012, version of the Presentence Investigation Report ("PSR") to the parties where it recommended a sentence of nineteen (19) years. (Dkt. no. 110 at 25-26.) The government notified the Probation Office that the Plea Agreement was a binding plea and the parties had jointly recommended a sentence of three hundred (300) months. The Probation Office

readapted the calculation to reflect the parties' binding agreement to a sentence of three hundred (300) months.

At the sentencing hearing on January 7, 2013, McCoy's counsel objected based on the lack of independent recommendation by the Probation Office. The Court overruled this objection and sentenced McCoy to two hundred and sixteen (216) months for Count 5 and eighty four (84) months for Count 6 to be served consecutively. (Dkt. no. 89.) However, before judgment was entered, the Court reconsidered McCoy's objection that the PSR followed the terms of the binding plea agreement without making its independent recommendation to the Court. (Dkt. no 91.) The Court directed amendment to the PSR and disclosure to the parties, including establishing the deadline for objections. (Dkt. no. 91.) McCoy reasserted his previous objections, including the objection that the Probation Office failed to provide an independent recommendation to the Court. (Dkt. no. 92.) The Court overruled this objection and adopted the binding terms of the Plea Agreement to impose a total sentence of three hundred (300) months on two counts of conviction. (Dkt. nos. 93, 96.)

## 2. Discussion

McCoy argues that the Probation Office failed to perform its own independent evaluation of the sentence that the parties recommended to the Court, merely adopting the parties' recommendation instead. However, the Court did reconsider its decision and sustained McCoy's objection that the Probation Office should have provided the Court with its own independent recommendation despite the binding nature of the Plea Agreement. (Dkt. no. 91.) The Court directed the Probation Office to amend the PSR and provided the parties with the opportunity to present their informal objections. At the continued sentencing hearing, the Court found that the Probation Office did provide its independent evaluation of the parties' recommended sentence. (Dkt. no. 113 at 13.)

Moreover, even if the Probation Office failed to provide an independent evaluation as McCoy contends, the Court finds that McCoy did not suffer any prejudice. The Court did independently review the information in the PRS and did not solely rely

on the Probation Office's recommendation in deciding to accept the parties' Plea Agreement. (Dkt. no. 110 at 30; dkt. no. 113 at 14.) In particular, the Court noted that it independently considered the additional robberies outlined in the arrest report that was referenced in the PSR.[6] The Court also considered the terms of the Plea Agreement. The Plea Agreement provided for either party to withdraw from the Plea Agreement in the event McCoy was not sentenced to three hundred (300) months in custody as agreed upon by the parties. (Dkt. no. 83 at 3.) In fact, McCoy was given the opportunity to withdraw his guilty plea at the sentencing hearing, but he elected not to. (Dkt. no. 111 at 4, 14.) The Plea Agreement also provided that McCoy had admitted to committing five (5) additional armed robberies and if the government was able to use these additional robberies as a basis to obtain a second superseding criminal indictment and establish guilt at trial, McCoy would face a minimum mandatory sentence of one hundred and fifty-seven (157) years. (Dkt. no 83 at 6.) McCoy agreed to a binding Plea Agreement and cannot claim prejudice when the Court ultimately accepted the terms of the Plea Agreement.

## IV. CONCLUSION

It is therefore ordered that McCoy's Motion is denied as to the claim that the Probation Office failed to provide an objective recommendation as to the sentence to be imposed. A certificate of appealability will not be issued as no reasonable jurists would find the Court's decision to be debatable or wrong. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22; 9th Cir. R. 22-1; *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). The Court will therefore not issue a certificate of appealability on this ground.

It is further ordered that an evidentiary hearing be held for the Court to hear evidence limited to the circumstances relating to the presentation of the government's plea offer of fifteen (15) years and McCoy's rejection of that offer.

///

///

---

[6]The arrest report is filed under seal as dkt. no. 94.

It is further ordered that, pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Court, a Las Vegas CJA panel attorney shall be appointed to represent McCoy in connection with the evidentiary hearing.

It is further ordered that the transcript of the *ex parte* hearing (dkt. no. 111) be unsealed.

DATED THIS 11th day of June 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE