UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case Nos. 2:11-cr-00438-MMD-CWH |
| Plaintiff, | |
| v. | ORDER |
| DARREN LAMONT MCCOY, | |
| Defendant. | |

**I.   SUMMARY**

Defendant Darren Lamont McCoy is serving a sentence of 300 months on two counts of conviction pursuant to a binding plea agreement. (ECF No. 89.) Before the Court is McCoy's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) based on "extraordinary and compelling reasons." (ECF No. 248 ("Motion").[1]) Because the Court does not find McCoy has presented extraordinary and compelling reasons for his early release, the 18 U.S.C. § 3553(a) factors do not otherwise favor it, and as further explained below, the Court will deny the Motion.

**II.   BACKGROUND**

On December 14, 2011, the Grand Jury indicted McCoy on one count of felon in possession of a firearm. (ECF No. 1.) On July 3, 2012, the Grand Jury returned a Superseding Criminal Indictment charging McCoy with six counts, including one count of felon in possession of a firearm, two counts of interference with commerce by robbery and two counts of possession of a firearm during, in relation to, and in furtherance of a

---

[1]McCoy filed his Motion *pro se*. The Federal Public Defender's Office filed a notice of non-supplementation pursuant to the Court's General Order 2020-06. (ECF No. 251 ("Notice").) Nevertheless, the Notice "reminds the Court that it has discretion to make a placement recommendation (including home confinement)." (*Id.* at 1.)  The government filed a response (ECF No. 255); McCoy did not file a reply and the time do so has expired. McCoy's family filed letters in support of his Motion. (ECF Nos. 252, 253.)

crime of violence. (ECF No. 45.) The Superseding Criminal Indictment alleged that McCoy was involved in two robberies—of a Pizza Hut (Count 3) and a Subway (Count 5)—on November 17, 2011. (*Id.* at 3-4.) Count 6 charged McCoy with possession of a firearm during, and in relation to, and in furtherance of a crime of violence under 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(C). (*Id.* at 4.)

On September 24, 2012, shortly before the scheduled trial, the parties entered into a binding plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (C) ("Plea Agreement"). (ECF No. 83.)  McCoy agreed to plead guilty to Counts 5 and 6 of the Superseding Indictment and the Court accepted his guilty plea.[2]  (*Id.;* ECF No. 84.) After two hearings, on January 29, 2013, the Court accepted the terms of the binding Plea Agreement and sentenced McCoy to 216 months for Count 5 and 84 for Count 6 to be served consecutively for a total sentence of 300 months.[3] (ECF Nos. 93, 96; ECF No. 185 (Amended Judgment).)

McCoy represents that he has served about 165 months of his sentence by the time he filed the Motion on November 3, 2025. (ECF No. 248 at 2.)

**III.   DISCUSSION**

McCoy seeks release under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018. (*Id.*) This provision offers McCoy a limited exception to the general rule that the Court may not modify or reduce the length of a sentence after the Court has imposed it. *See* 18 U.S.C. § 3582(c); *see also United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (explaining that generally a court cannot modify a sentence after it has imposed it). "It allows the sentencing judge to

---

[2]McCoy admitted that he committed five additional robberies that were not charged, but that the government would be able to establish his guilt beyond a reasonable doubt if the government elected to seek second superseding indictment to charge him with these robberies. (ECF No. 83 at 6-7.)

[3]The Court subsequently denied McCoy's motion to vacate the sentence under 28 § U.S.C. 2255, after conducting an evidentiary hearing on one of the grounds of ineffective assistance of counsel. (ECF Nos. 126, 220.) McCoy appealed (ECF No. 222) and the Ninth Circuit Court of Appeals affirmed (ECF No. 231).

reduce a sentence based on 'extraordinary and compelling reasons' after the defendant has asked the [Bureau of Prisons ("BOP")] to bring such a motion on her behalf and exhausted all administrative rights to appeal the BOP's denial of that request." *United States v. Mogavero*, Case No. 2:15-cr-74-JAD-NJK, 2020 WL 1853754, at *2 (D. Nev. Apr. 13, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)).

The Court follows a three-step process to evaluate the Motion. First, the Court determines if McCoy has satisfied the statutory prerequisites under Section 3582(c)(1)(A). Then, the Court evaluates whether McCoy has shown "extraordinary and compelling reasons" for the Court to release him under Section 3582(c)(1)(A)(i). Finally, the Court addresses the applicable policy statements and sentencing factors under Section 3582(c)(1)(A). The Court "must consider the factors in 18 U.S.C. § 3553(a) 'to the extent that they are applicable,' and any sentence reduction must be 'consistent with applicable policy statements issued by the Sentencing Commission.'" *Mogavero*, 2020 WL 1853754, at *2; *see also* 18 U.S.C. § 3582(c)(1)(A)(i).[4] Here, as there appears to be no dispute regarding the first step, the Court will primarily address the latter two steps.

### A.    Statutory Prerequisites

Section 3582(c)(1)(A) requires that a defendant ask the BOP to bring a motion for compassionate release on the defendant's behalf before filing such a motion with the court, normally done by submitting a request to the warden. *See* 18 U.S.C. § 3582(c)(1)(A). In addition, a defendant may only bring a motion under Section 3582(c)(1)(A) "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *Id.*

---

[4]On April 27, 2023, the United States Sentencing Commission promulgated additional guidance on the contours of compassionate release. The amendments became effective on November 1, 2023. *See* U.S.S.G. § 1B1.

McCoy claims he submitted a request for compassionate release to the warden at the institution where he is serving his sentence on June 3, 2025, and the warden denied his request on July 16, 2025. (ECF No. 248 at 3.) The government does dispute McCoy's representation. The Court finds that McCoy has exhausted his administrative remedies and thus proceeds to the other two steps of the analysis.

### B.   Extraordinary and Compelling Reasons

McCoy asserts the following "extraordinary and compelling reasons" for early release: he suffers from hypertension and the risk of a Covid-19 outbreak makes him particularly vulnerable; the lack of adequate medical care for McCoy's medical conditions where he "has been waking up gasping for air and struggling to breathe in the middle of the night"; his sentence is unusually lengthy, particularly given the changing statutory and legal landscapes, including Nevada's legalization of marijuana and the First Step Act's change to eliminate stacking of § 924(c) counts; and he has demonstrate rehabilitation by participating in available "Evidence Based Recidivism Reduction" programs and holding various jobs offered by the BOP. (*Id.* at 5-16.) The government counters that these reasons are not extraordinary and compelling. (ECF No. 255 at 6-9.) The Court agrees with the government.

As the government points out, the existence of Covid-19 and the general assertion of a potential outbreak alone, even given that McCoy has hypertension, is not an extraordinary reason for early release.[5] (*Id.* at 7.) Moreover, McCoy has not demonstrated

---

[5]Under Section 1B1.13(b)(1)(D), the medical circumstances of a defendant may constitute extraordinary and compelling reasons for early termination if the defendant "pressents the following circumstances":

(i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

(ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a

4

that his medical conditions cannot be treated while in custody, and McCoy can seek to challenge any alleged inadequate medical treatment through the legal process. McCoy is serving a lengthy sentence, but the sentence was the result of the parties' plea negotiations, requiring the Court to impose a 300-month sentence. The Court rejects McCoy's argument as to the underlying reasons supporting an upward variance to a sentence of 300 months given these issues were extensively litigated in this case. At the time of sentencing, McCoy was 28 years old, but McCoy had 20 criminal history points, resulting in the highest criminal history category of VI.[6] Any change in the legalization of marijuana would not have any impact on McCoy's criminal history category because the convictions that counted as points included grand larceny, domestic battery, attempt escape, and conspiracy to possess firearm by ex-felon.[7] And any statutory changes under the First Step Act would not have affected McCoy's sentence because the Court did not impose consecutive sentences for § 924(c) counts—McCoy was convicted of only one § 924(c) offense (Count 6). Finally, the Court commends McCoy for continuing to work on rehabilitation, particularly given McCoy's young age, but McCoy's participation in programs alone does not amount to an extraordinary and compelling reason.

In sum, McCoy's stated reasons for early release do not constitute an extraordinary and compelling reason within the meaning of Section 3582(c)(2).

---

result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

(iii) such risk cannot be adequately mitigated in a timely manner.

Here, McCoy does not even meet the first factor because he offered no evidence of "an ongoing outbreak" of Covid-19 at the facility where he is housed.

[6]The Court's summary of McCoy's criminal history and offense conduct is adapted from the Presentence Investigation Report.

[7]There was one conviction that counted as one point—two counts of conviction for Possession of a Drug Not to be Introduced into Interstate Commerce on April 22, 2003 when McCoy was 19 years old—but the drugs involved were marijuana and cocaine. Excluding one criminal history point for this conviction would not have changed McCoy's criminal history category.

### C.      Section 3553(a) Factors

Section 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established in the Sentencing Guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims. 18 U.S.C. § 3553(a)(1)-(7). As to the Section 3553(a) factor, the need for a sentence must be sufficient, but not greater than necessary, to serve the purpose of "just punishment, deterrence, protection of the public, and rehabilitation." *Dean v. United States*, 581 U.S. 62 (2017) (citation modified).

Here, Section 3553(a) factors do not favor early release. As to the offense conduct, McCoy robbed a Subway store at gunpoint, and when the store manager handed him money from the cash register, about $50, McCoy was unhappy and demanded the manager "open the fucking safe." McCoy fled when the manager responded that the safe was on time-release and could not be immediately opened. During his subsequent interview with law enforcement, McCoy admitted to having committed a series of similar armed robberies, oftentimes with the assistance of others and involving the use of handguns. In his Plea Agreement, McCoy admitted that the parties agreed to an upward variance under the Sentencing Guidelines because McCoy committed five additional uncharged armed robberies. (ECF No. 83 at 6.) As noted, McCoy was 28 at the time of sentencing but McCoy was already in the highest criminal history category. McCoy has served a little over half of his sentence and has not demonstrated that he would not likely present a danger to the community such that the Court can be reassured of protection of the public. Again, McCoy should be commended for making efforts to work on rehabilitation and for having his family's support. On the balance, however, Section 3553(a) factors counsel against early release.

In sum, because McCoy's stated reasons for early release do not amount to an extraordinary and compelling reason within the meaning of Section 3582(c)(2), and the Section 3553(a) factors do not otherwise favor releasing him, the Court will deny the Motion. However, given McCoy's young age, his family support, and his efforts at rehabilitation, the Court recommends that the BOP consider early placement in a halfway house to allow for a smoother transition and return to the community.

**IV.   CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that McCoy's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 248) is denied.

The Court recommends that the BOP consider early placement in a halfway house to allow for a smoother transition and return to the community in light of McCoy's young age, his family support, and his efforts at rehabilitation.

DATED THIS 26th Day of March 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE